[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #9 (CLAIM OF PLAINTIFF MASSOFF)
In this motion, Levy Droney, P.C. ("Levy") and Joseph Vitale move for summary judgment on the claims made by plaintiff Dora Massoff in Counts 24, 44, 45, 51, 83, 84, 95, and 112 of the Amended Revised Complaint. Dora Massoff is alleged to have entered into a residence agreement with East Hill Woods on March 2, 1995.
Prior Dispositions
Summary judgment was granted in favor of Levy and in favor of Vitale in his capacity as legal counsel to East Hill Woods as follows:
Count 24 (Ruling on Motion for Summary Judgment #2)
Count 51 (Ruling on Motion for Summary Judgment #1)
Count 83 (Ruling on Motion for Summary Judgment #1)
 Count 84 (Ruling on Motion for Summary Judgment #1) (The motions were denied as to Vitale as an officer and trustee of East Hill Woods.)
The instant motion is therefore moot as to the counts listed as having been adjudicated above, except as they apply to Vitale in his capacity as an officer and trustee of East Hill Woods.
Standard of review and procedural history
CT Page 12896
The court adopts the statement of the standard of review and the explanation of the procedural history of the case set forth in its ruling on Levy's and Vitale's Motion for Summary Judgment #1.
Counts 44, 45, 95 and 112
In Counts 44 and 45 plaintiff Massoff alleges that the movants intentionally misrepresented the financial condition of East Hill Woods and in Counts 95 and 112 that they aided and abetted the misrepresentations of East Hill Woods in the documents she relied on in executing her residence agreement and in documents she relied on thereafter. The movants state as a ground from their motion that Massoff cannot prove the required
This plaintiff takes the position that her son-in-law, Lewis Kruger, an attorney with bankruptcy experience, reviewed the 1994 disclosure statement before she executed her agreement. Mr. Kruger testified that he construed the disclosure as including a "clean opinion" from Ernst Young and he assumed that such an opinion meant that the facility should, for some foreseeable period, "be able to meet its obligations going forward." (Dep. of Lewis Kruger, p. 25). In her brief, this plaintiff asserts that at the time of the representation that Mr. Kruger so construed, the facts were that East Hill Woods was anticipating defaulting on payments due. Mrs. Massoff's daughter, Laura Kruger, testified that she had also relied on the disclosure statement in advising her mother with regard to the decision to execute a residence agreement. (Dep. of Laura Kruger, p. 130).
The court concludes that material facts are in dispute concerning this plaintiff's reliance on alleged misrepresentations at the time she executed her residence agreement. The parties and the court in prior rulings have referred to this portion of the claim as the "execution" period. The movants assert that even if summary judgment is not granted as to that part of the claims, it should be as to the claim of misrepresentations in post-execution disclosures because the parties and the court in prior rulings have referred to this portion of the claim as the "execution" period. The movants assert that even if summary judgment is not granted as to that part of the claims, it should be as to the claim of misrepresentations in post-execution disclosures because the undisputed facts are that this plaintiff received no such CT Page 12897 disclosures and therefore does not make a claim that she relied to her detriment on misleading disclosures after she executed her contract.
In response to an interrogatory (FCG 11) asking whether Massoff had ever received a disclosure statement or any amendment to a disclosure statement after executing her contract, this plaintiff answered that she had not. Massoff's daughter, Laura Kruger, testified at her deposition that neither she nor any of the other relatives on whom her mother relied had received post-execution disclosures. (Dep. Laura Kruger p. 75).
This plaintiff did not address in its brief the part of the motion that relates to post-execution disclosures. None of the depositions and other materials that she refers to in her brief raises any dispute to the denial that none were received. The movants have demonstrated that the undisputed facts are that this plaintiff did not receive any post-execution disclosures and could not have relied on any, and that therefore the movants are entitled to judgment as a matter of law on the post-execution claims in these four counts.
The movants raise as an additional ground the claim that they did not substantially assist East Hill Woods in preparing the disclosure statement on which Massoff alleges she relied. They have not presented affidavits or other documents to establish what the facts are concerning their involvement, and they do not discharge their burden of showing what the facts are in this regard merely by showing that two deponents do not know those facts.
Claims against Vitale as officer and trustee
Vitale has not demonstrated in connection with this motion what his actions were as an officer and trustee of East Hill Woods with regard to the claims made against him in that capacity in Counts 24, 51, 83 and 84. This motion for summary judgment is denied as to Vitale in those capacities.
Conclusion
Summary judgment has previously been granted in favor of Levy and in favor of Vitale as legal counsel as to Counts 24, 51, 83 and 84 and denied as to Vitale as a trustee and officer. The instant motion is denied with regard to these counts against CT Page 12898 Vitale as a trustee and officer.
The motion is denied as to the execution claims in Counts 44, 45, 95 and 112 and granted as to the post-execution claims made in these counts.
Beverly J. Hodgson Judge of the Superior Court